Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

CAUSE NO. 15-08-31791-MCVAJA

| | | |
|---|---|---|
| MAVERICK ONE PROPERTIES, LLC | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 365TH   JUDICIAL DISTRICT |
| | § | |
| MID – CENTURY INSURANCE | § | |
| COMPANY | § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

NOW COMES PLAINTIFF, MAVERICK ONE PROPERTIES, LLC ("Plaintiff") and files its Original Petition complaining of Defendant, MID–CENTURY INSURANCE COMPANY ("Defendant") and for cause of action would respectfully show the Court the following:

### A. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order discovery be conducted in accordance with a discovery control plan tailored to this particular suit.

### B. PARTIES

Plaintiff, MAVERICK ONE PROPERTIES, LLC is a Texas limited liability corporation that owns the hotel at issue in this lawsuit and its principal place of business is Maverick County, Texas.

Defendant, MID–CENTURY INSURANCE COMPANY an insurance company operating in the State of Texas that issued policy number 0605818136 to Plaintiff. MID–CENTURY INSURANCE COMPANY can be served through Chris Granger at 15700 Long

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Vista Drive, Austin, Texas 78728-3822. **Plaintiff request service by certified mail, return receipt requested at this time.**

## C. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

Venue is mandatory and proper in Maverick County, Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002) and the insured property that is the basis of this lawsuit is also located in Maverick County, Texas.

## D. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, occurred, or have been rendered impractical by the approaching statute of limitations.

## E. AGENCY AND *RESPONDENT SUPERIOR*

Whenever in this petition it is alleged that Defendant did any act or omission, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency, or employment of Defendant or its agents, officers, servants, employees, or representatives.

## F. FACTS

Plaintiff owns an hotel located at 2297 Del Rio Blvd., Eagle Pass, Texas 78852. On or about April 23, 2015, a wind and hail storm struck the Maverick County, causing severe damage to homes and businesses in the area, including Plaintiff's hotel. Plaintiff submitted a claim to

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Defendant against its commercial business insurance policy (Policy No. 0605818136) for damages to the building's roof, exterior elevations, air conditioning units, fence, and resulting interior water damage, and Plaintiff asked Defendant to cover the cost of repairs to its building pursuant to its insurance policy and all available coverages under the policy.

In an effort to minimize Plaintiff's claim, Defendant performed an inadequate and outcome-oriented investigation and failed to address the covered damages to Plaintiff's roof, exterior elevations, air conditioning units, fence, and resulting interior water damage. By doing so, Defendant knowingly misrepresented the scope of the covered damages caused by the wind and hail storm and misrepresented the true cost to repair the damage from the storm. Because Plaintiff's claim still remains underpaid, it has not been able to properly repair its property.

## G. CAUSES OF ACTION

### 1. Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

According to the insurance policy Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the policy resulting from a wind and hail storm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hail storm, both of which are covered perils under Plaintiff's policy, Plaintiff's building has been damaged.

Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of its policy. Specifically, Defendant failed and refused to pay the full proceeds of Plaintiff's policy, although proper demand was made for proceeds to be paid in an amount sufficient to cover the damage to Plaintiff's building and business and all conditions precedent to

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

recovery upon the policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

## 2. Violations of Section 542 of the Texas Insurance Code

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

Defendant's acts, omissions, failures, and conduct described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, and forms it reasonably believed, at that time, would be required from Plaintiff for its claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe and by failing to pay Plaintiff's claim within the applicable statutory period. More particularly, Defendant violated the following provisions of Section 542 of the Texas Insurance Code:

   a. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning its investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

   b. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

   c. Defendant failed to meet its obligations under the Texas Insurance Code by

4

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

delaying payment of Plaintiff's claim. Specifically, Defendant delayed full payment of Plaintiff's claim longer than allowed, and to date, Plaintiff has not yet received full payment for its claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

Additionally, in the event it is determined Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

### 3. Unfair Insurance Practice

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's commercial building on which liability had become reasonably clear. More specifically, Defendant is guilty of the following unfair insurance practices:

    a) Defendant misrepresented to Plaintiff the damages to his commercial building were not covered under Plaintiff's insurance policy, even though the damage was caused by a covered occurrence. More particularly, Defendant misrepresented to Plaintiff material facts such as only a portion of its reported storm damages was covered under its policy, despite knowing the damage to Plaintiff's roof, exterior elevations, air conditioning units, fence, and resulting interior water damage were

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

entirely caused by the wind and hail storm. Defendant grossly underpaid Plaintiff's claim, and Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1);

b) Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the policy. Defendant misrepresented the scope of covered damages and the true cost to repair Plaintiff's building. Defendant knew its coverage decision and repair estimates were based on an inadequate and outcome-oriented investigation and Defendant knowingly and unfairly paid Plaintiff substantially less than was owed. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060 (a)(2)(A);

c) Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate any future settlements or payments would be forthcoming to pay for the entire losses covered under Plaintiff's policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3);

d) Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance

Case 2:15-cv-00108-AM-CW Document 2 Filed 09/18/15 Page 7 of 12

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4); and

e) Defendant failed to conduct a reasonable investigation and refused to fully compensate Plaintiff under the terms of Plaintiff's policy. Specifically, Defendant performed an inadequate and outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of the damages to Plaintiff's building and business. Because of Defendant's inadequate investigation and misrepresentation of the scope of covered damages and the true cost of repair, Defendant significantly underpaid Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(7).

Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct has resulted in Plaintiff's damages. Further, Defendant's acts, omissions, and failures were done knowingly as that term is used in the Texas Insurance Code.

## 4. Violations of the DTPA

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

Plaintiff is a consumer of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practice Act (DTPA). Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

a) By its acts, omissions, failures, and conduct, has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment, and

Case 2:15-cv-00108-AM-CW   Document 2   Filed 09/18/15   Page 8 of 12

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's building on which liability had become reasonably clear;

b) Defendant represented to Plaintiff its insurance policy and Defendant's claims adjusting services had characteristics or benefits they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

c) Defendant represented to Plaintiff its insurance policy and Defendant's claims adjusting services were of a particular standard, quality, or grade when they were actually of another, in violation of Section 17.46 (b)(7) of the DTPA;

d) Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

e) Defendant represented to Plaintiff its insurance policy and Defendant's claims adjusting services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

f) Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

g) Defendant breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policy. This breach entitles Plaintiff to

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

h) Defendant's actions are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

i) Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages and were done knowingly and intentionally as those terms are used in the DTPA.

## 5. Breach of the Duty of Good Faith and Fair Dealing

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs.

From and after the time Plaintiff's claim was presented to Defendant, Defendant's liability to pay the full claim in accordance with the terms of Plaintiff's policy was reasonably clear. However, by its acts, omissions, failures, and conduct, Defendant breached its common law duty of good faith and fair dealing. Defendant failed to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and failed to conduct an adequate investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear the claim was covered.

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiff's damages.

## H. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## I. DAMAGES

The acts, omissions, failures, and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's roof, exterior, and interior of Plaintiff's building, investigative and engineering fees incurred during the course of this claim, and all other additional expenses associated with damage to Plaintiff's building and business caused by the April 23, 2015 wind and hail storm. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract, as well as an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. These damages are within the jurisdictional limits of this Court.

## J. ADDITIONAL DAMAGES

Defendant also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages authorized by Section 541 of the Texas Insurance Code.

Case 2:15-cv-00108-AM-CW   Document 2   Filed 09/18/15   Page 11 of 12

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

## K. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant is the type of conduct the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks recovery of exemplary damages in an amount to be determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant, and others similarly situated, from committing similar acts in the future.

## L. ATTORNEYS' FEES

As a result of Defendant's conduct, Plaintiff was forced to retain the undersigned attorneys to prosecute this action, and Plaintiff has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## M. JURY DEMAND

Plaintiff asserts the right to a trial by jury, pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

## N. PRAYER

FOR THESE REASONS, Plaintiff prays Defendant be cited to appear and answer herein, and upon trial, Plaintiff recover sums that would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices

Electronically Filed at
8/4/2015 8:28:49 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Act, and all punitive, additional, and exemplary damages. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for pre-judgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

SAUCIER & SMAISTRLA PLLC
The Concord Plaza
200 Concord Plaza, Suite 750
San Antonio, TX 78216
Telephone:    (210) 562-2888
Telecopier:   (210) 338-8916
Email:        craig@s2lawfirm.com

By: _____
CRAIG M. SAUCIER
State Bar No. 24041869
VALERIE MAZZOLA
State Bar No. 24069063

ATTORNEYS FOR PLAINTIFF,
MAVERICK ONE PROPERTIES, LLC